```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA       :
                                            :
           v.                  :  CRIMINAL NO. 95-cr-00393-JF
                                            :
VERNON HARRIS                  :

### MEMORANDUM AND ORDER

Fullam, Sr. J.                                                           March 11, 2009

       Petitioner, Vernon Harris, was sentenced in 1996 to two concurrent terms of life imprisonment, by my colleague, the Honorable Marvin Katz. Although petitioner was represented by extremely able counsel, and entered a guilty plea after an extremely thorough colloquy concerning his complete understanding of the consequences of the guilty plea, petitioner has been trying ever since to nullify the plea and sentence. He first appealed to the Third Circuit Court of Appeals, where his conviction and sentence were affirmed. He thereafter sought relief under § 2255, but was rebuffed both by Judge Katz and by the Court of Appeals. Petitioner thereafter sought to have Judge Katz disqualified, and to have his conviction and sentence overturned because of perceived misconduct on the part of Judge Katz.

       Now before the Court is petitioner's *pro se* application for leave to file a motion challenging his conviction and sentence under the provisions of Fed. R. Civ. P. 60(b)(6).

In essence, petitioner contends that Judge Katz was guilty of misconduct so egregious as to warrant relief from final judgment under the cited rule.  The predicate for this assertion is as follows:

Petitioner and a co-defendant were arrested in 1995, by Philadelphia police.  Records of the Philadelphia Police Department and of the state court seem to state that the arresting officers had a search and seizure warrant, and also that the arrest was based on "plain view" without a warrant. Petitioner is convinced (on a basis of alleged thorough searches of the applicable records, both of the state courts and of this federal court) that the police did not have a warrant; in fact, that no warrant was issued at that time.

The charge of misconduct against Judge Katz is based on the fact that, in one of his brief memorandum opinions, he stated that petitioner's belief that there was no warrant was incorrect.

On the basis of the alleged absence of a valid warrant, and Judge Katz's alleged misunderstanding of the facts, petitioner predicates his argument to the effect that there was a conspiracy between Judge Katz and defense counsel, Mr. Bergstrom, to coerce him into pleading guilty; and that Mr. Bergstrom's failure to attempt to suppress the evidence obtained by the police amounted to constitutionally ineffective assistance of counsel, for which petitioner is entitled to relief.

For several reasons, petitioner cannot succeed in this motion.  (1) If the facts set forth in the records of the Philadelphia Police Department concerning the details of petitioner's arrest are correct (and there is no challenge to these facts), there would have been no basis for suppressing the evidence the police obtained, regardless of whether they did or did not have a warrant (when the police knocked on the door, petitioner's brother and co-defendant attempted to escape, and the petitioner threw the drugs out an upstairs window.  The drugs and the alleged weapon were in plain view.)  (2) The extensive colloquy at the time petitioner entered his guilty plea makes clear that, among the many rights petitioner was voluntarily giving up was the right to challenge any alleged defect in the manner in which the evidence against him was obtained.  (3) The plea colloquy also conclusively negates any possibility that petitioner entered a guilty plea because of the conduct or advice of Mr. Bergstrom.

In short, there is simply no possibility of a valid basis for a Rule 60(b)(6) motion.  Plaintiff will be allowed to file it, but the motion will be denied.

An Order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA         :
                                                :
      v.                             :   CRIMINAL NO. 95-cr-00393-JF
                                                :
VERNON HARRIS                   :

## ORDER

AND NOW, this 11th day of March 2009, upon consideration of the motion of Vernon Harris for leave to file a motion pursuant to Fed. R. Civ. P. 60(b)(6), IT IS ORDERED:

1. Petitioner is permitted to file the motion.
2. The motion is DENIED.

                                                        BY THE COURT:

                                                        /s/ John P. Fullam
                                                        John P. Fullam, Sr. J.